**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4589**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ALBERTO ROBLES CARLOS,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Thomas David Schroeder, District Judge.  (1:08-cr-00366-JAB-11)

Submitted:  July 27, 2010          Decided:  August 23, 2010

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberto Robles Carlos pled guilty pursuant to a plea agreement to one count of conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006).  At sentencing, Carlos received the benefit of the safety valve under U.S. Sentencing Guidelines Manual § 5C1.2 (2008), and was sentenced to ninety months' imprisonment, below the statutory minimum of ten years.  His counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but raising for the court's consideration whether the sentence was reasonable.  Carlos did not file a pro se supplemental brief. The Government also did not file a brief.  We affirm.

We have reviewed the Rule 11 colloquy and conclude that Carlos' guilty plea was knowing and voluntary and that the district court complied with Rule 11.  Accordingly, we affirm the conviction.

We review a sentence for reasonableness under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence.  Id.  As to procedural reasonableness, this court must assess whether the district court properly calculated the guidelines range, considered the 18 U.S.C. § 3553(a) (2006)

2

factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany *every* sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as this court is satisfied "'that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decision making authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (alterations omitted)).

We conclude that the district court's sentence was both procedurally and substantively reasonable. The court adequately stated its reasons for imposing a ninety-month sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Carlos' conviction and sentence. This court requires that counsel inform Carlos, in writing, of the right to petition the Supreme Court of the United States for further review. If Carlos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

was served on Carlos.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED